BENNETT C. BROWN *et al.*, Plaintiffs in Error *vs.* THOMAS SCHACKELFORD, Defendant in Error, Ex'r of S. HUTCHINSON.

1. *Partners—Joint funds—Speculation by one.*—Generally one partner cannot speculate with the partnership funds for his individual benefit.

2. *Partners—Joint funds—Speculation by one—Damages.*—A. B. & C. shipped goods jointly from America to D. in England to sell for them. A. on his private account drew a bill of exchange on D., but this action did not cause nor affect the sale of the property. D. sold this bill of exchange, there being at the time a great difference in price between gold and U. S. Treasury notes. A. invested the money so realized and lost by his investments. D. in settling with the partners, charged them interest for the money advanced to A. on account of the bill of exchange. *Held*, that this interest in gold was the amount due from A. to the other partners.

*Error to Howard Circuit Court.*

*A. J. Herndon, and Lay & Belch,* for Plaintiffs in Error.

*Thomas Schackelford,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This case was submitted to the court for determination upon an agreed statement of facts, by which it appears, that B. C. Brown, A. W. Morrison, John L. Morrison, the plaintiffs, and one E. B. Butler, were engaged as partners in putting up tobacco in Howard County, Missouri, and shipping the same to a foreign market for sale. The tobacco was sent to England for sale, and remained unsold in the hands of a commission merchant there. It was agreed between the partners, that the tobacco should not be sold without their joint consent, and that it should not be drawn against by either partner, so that a forced sale should not take place by reason of such draft.

Butler, afterwards, without the consent of the other partners, drew a draft on the commission merchant in England, but gave a responsible endorser on the bill, with the understanding that the drawing of the bill should not force the tobacco on the market.

The bill was sold when the difference between gold and legal tender was very large.

The proceeds were invested by Butler in other tobacco, and he suffered a large loss in consequence.

It is admitted, that the tobacco was not sold in England by reason of the bill having been drawn, but that it was afterwards sold under the direction of all the partners. It is also admitted, that, if the bill had not been drawn, the profits on the tobacco would still have been the same to the partners.

Hutchinson, since deceased, became the purchaser of the interest of Butler in the tobacco, and the question between the parties is, as to whether Hutchinson, as assignee of Butler, shall be charged with the difference between gold and treasury notes at the time the bill was drawn, or be charged with merely the interest in gold.

The court below held, that defendant was not liable for the difference between gold and treasury notes, but was chargable with interest only.

It is generally true in partnership transactions, that one partner cannot speculate with the partnership funds for his own individual benefit. And if either of the partners have violated the terms of the partnership contract, and have abused the trust with which as a partner he was clothed, and have partnership assets that he has not accounted for, he will be liable in an appropriate proceeding.

If a partner without the consent of the firm withdraws a portion of the assets, and invests in a new or different enterprise, he may be compelled to account to the other partners for a proportionate share of the profits.

The agreed case admits that the sale of the tobacco was not hastened by Butler's drawing the bill, and therefore that act had no influence on its sale.

Had the bill not been drawn, as was the agreement, then all that was received from the commission merchant would have been equally divided between the partners.

As the commission merchant charged interest on the advance made to Butler, and this was deducted from the amount received on the sale of the tobacco, this interest would constitute the measure of damages, which Butler should pay to the other partners.

If Butler is to be held liable for drawing the bill as on a

partnership transaction, then his investment of the proceeds must partake of the same character, and as he realized no profits there can be nothing due to the other partners.

It is not pretended that the partnership suffered any loss in consequence of Butler's drawing the bill, The other partners' status was not in the least changed.

The tobacco was not sold till they gave their joint order for its sale, and they received each his proportionate share of the proceeds.

Butler made nothing out of the transaction, and I am unable to perceive any just rule on which the plaintiffs can base their claim.

The judgment should be affirmed. The other judges concur.